IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOHN HENRY GUILLORY | § | |
| VS. | § | CIVIL ACTION NO. 1:08CV642 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant, John Henry Guillory, an inmate at the Federal Correctional Complex in Beaumont, Texas, proceeding *pro se*, filed these proceedings pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 should be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Movant filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b). In addition, movant requests in his objections the right to amend his § 2255 motion to assert an actual innocence claim, in addition to asserting other new claims.

Factual Background and Procedural History

Movant pled guilty in the 75th Judicial District Court of Liberty County, Texas, to possession of a controlled substance. On January 10, 2005, movant was sentenced to two years with the Texas Department of Criminal Justice, with a suspended sentence, placing movant on two years of community supervision. After failing to comply with the probation department intake procedures and failing to appear the following day to complete his intake, a probation

1

violation arrest warrant was issued for movant on January 11, 2005. After his arrest, and after entry into the residence to retrieve shoes for movant, officers observed and retrieved an unregistered short-barrel "sawed-off" shotgun. In addition, officers found a piece of plastic containing an off-white rock-like substance in movant's front pants pocket which was later determined to be 0.71 grams of cocaine base, a controlled substance. Movant was transported to the Liberty County Jail. Based on the discovery of the short-barrel shotgun and controlled substance, officers requested permission from movant's girlfriend, Ms. Crystal LaFrance, for her consent to search the residence. She refused to give consent and officers secured the residence and obtained a search warrant. After executing the search warrant, officers located another firearm, a 9 millimeter semi-automatic handgun.

On July 7, 2005, a revocation hearing was held to revoke movant's state probation. Movant was sentenced to twenty months of imprisonment with the Texas Department of Criminal Justice.

On November 5, 2005, a Federal Grand Jury for the Eastern District of Texas returned a two-count indictment against movant charging him with (1) possession of an unregistered short-barrel firearm under 26 U.S.C. § 5861(d) and (2) felon in possession of a firearm under 18 U.S.C. § 922(g)(1), that occurred on January 11, 2005. Movant pled not guilty on February 6, 2006 and proceeded to trial. The jury returned a verdict finding movant guilty of both counts of the indictment in April of 2006. Movant was sentenced on September 25, 2006 to an 82 month term of imprisonment on both counts to run concurrently with three years of supervised release. Movant appealed his federal conviction which was ultimately affirmed by the Fifth Circuit on October 15, 2007. Movant's petition for writ of certiorari to the United States Supreme Court was denied on January 14, 2008. Movant filed the present motion to vacate, set aside or correct sentence on October 29, 2008.

Relating to his state conviction for possession of a controlled substance, movant filed an application for writ of habeas corpus pursuant to Texas Code of Criminal Procedure Article

11.07, on December 8, 2008. The application was dismissed on January 28, 2009 for non-compliance. Movant filed another application which was denied without written order on May 13, 2009. On August 14, 2009, movant filed a federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the validity of his state conviction, alleging it was used to enhance his later-imposed federal sentence. Because movant had discharged his state sentence and was in custody serving his federal sentence, movant's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was dismissed for want of subject matter jurisdiction.

Request to Amend § 2255 Motion

In his objections to the Magistrate Judge's Report and Recommendation, movant asserts he is actually innocent of the underlying conviction, the related probation revocation, and federal conviction and was maliciously prosecuted by the State of Texas. After carefully reviewing the thirty pages wherein movant outlines the underlying facts and theories supporting his actual innocence claim and objections, and based on a liberal construction of these pleadings, movant appears to now seek to challenge the 2006 federal conviction based on actual innocence of the conviction for felon in possession of a firearm as enhanced by the allegedly invalid 2005 state conviction for possession of a controlled substance.

Rule 15 of the Federal Rules of Civil Procedure applies to motions to vacate filed pursuant to 28 U.S.C. § 2255. *United States v. Saenz*, 282 F.3d 354, 355-56 (5th Cir. 2002). Once the government files an answer, a movant may amend his motion to vacate "only by leave of the court or by written consent of the adverse party." *See* FED. R. CIV. P. 15(a). Whether to grant leave to amend lies within this Court's sound discretion. *Robinson v. Wade*, 686 F.2d 298, 304 (5th Cir. 1982). Rule 15(a) directs the courts to freely grant leave to amend "when justice so requires." That standard guides the courts whenever a party seeks leave to amend. Despite the liberal standard for granting leave, the courts do not automatically grant leave whenever requested. *See Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993). The Supreme Court long ago set forth the standard for determining when justice requires granting a request to

amend. "In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be "freely given." *Whitmire v. Victus Ltd.*, 212 F.3d 885, 889 (5th Cir. 2000) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). In the instant case, the Court finds leave to amend would be futile; even after considering the new grounds movant seeks to amend, they are without merit.

In *Daniels v. United States*, 532 U.S. 374, 121 S.Ct. 1578, 149 L.Ed.2d 590 (2001) the Supreme Court held that a federal prisoner who has failed to pursue available remedies to challenge a prior conviction (or has done so unsuccessfully) generally may not collaterally attack that conviction through a motion under 28 U.S.C. § 2255 directed at the enhanced federal sentence. This holding was grounded on the finality of convictions and ease of administration. *See Lackawanna County District Attorney v. Cross*, 532 U.S. 394, 121 S.Ct. 1567, 149 L.Ed.2d 608 (2001) (citing *Daniels* at 379-380 and extended to § 2254 petitions directed at enhanced states sentences). As the Supreme Court has said,

> [t]hese vehicles for review . . . are not available indefinitely and without limitation." . . . . A defendant may choose not to seek review of his conviction within the prescribed time. Or he may seek review and not prevail, either because he did not comply with procedural rules or because he failed to prove a constitutional violation. In each of these situations, the defendant's conviction becomes final and the State that secured the conviction obtains a strong interest in preserving the integrity of the judgment. . . . Other jurisdictions acquire an interest as well, as they may then use that conviction for their own recidivist sentencing purposes, relying on "the 'presumption of regularity' that attaches to final judgments."

*See Cross*, 532 U.S. at 403 (citations omitted). In the case at bar, movant waited over three years before filing his first state application for writ of habeas corpus relating to his conviction of possession of a controlled substance. Even if movant had been serving his state term when he filed his federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, which he clearly was not,

4

his federal habeas claims would have been barred by the applicable one year statute of limitations. Movant did not diligently pursue his available remedies to challenge his state conviction of possession of a controlled substance which, based on a liberal construction of movant's pleadings, was later used to enhance the federal conviction he now seeks to challenge.[1]

Although the Supreme Court has recognized some exceptions to this rule, these exceptions apply only in rare circumstances. The first exception, the failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), is not applicable in this case. Movant was appointed counsel in his State court proceedings and was represented by Jerry E. Andress when he entered a plea of "guilty" to possession of a controlled substance on January 10, 2005. *See* Affidavit of Jerry E. Andress, attached as exhibit to Petitioner's Memorandum of Law in Support of Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, docket entry no. 2, Civil Action No. 1:09cv778. The second exception is equally unavailing to this movant. Clearly, the channel of state review was available to movant with respect to his state conviction of possession of a controlled substance as he filed a state application for writ of habeas corpus, albeit three years after his conviction and after he completed his state sentence. There is no indication movant was prevented from doing so timely by some external force. *See Daniels* at 383 (Supreme Court stating "[w]e recognize that there may be rare cases in which no channel of review was actually available to a defendant with respect to a prior conviction, due to no fault of his own."). Finally, the third exception provides movant no relief. There is simply nothing in the record to show that

---

[1] A review of the PSR in the present case, however, reveals that no Chapter 4 enhancements for criminal history were applied to movant's base offense level. *See* PSR, pg. 6. 1:05CR142, Docket Entry No. 60. A four (4) level enhancement was applied for movant's possession of the firearm with another offense; namely, the possession of cocaine found in movant's pocket at the time of the arrest. The latter is unrelated to movant's state court conviction for possession of a controlled substance. Movant's prior state conviction of possession of a controlled substance was, however, considered in calculating movant's criminal history computation and possibly in the justification for movant's sentence. Based on the foregoing, this Court will give the most liberal construction to movant's amended pleadings in considering his argument that his state conviction was used to enhance his federal sentence. In essence, movant appears to argue that because the prior state conviction was considered in calculating his criminal history computation and possibly in the justification for his sentence, it therefore may have had an adverse impact on the sentence imposed upon him in federal court.

5

movant has obtained "newly discovered evidence" that he is actually innocent of the state conviction for possession of a controlled substance, and evidence which he could not have uncovered in a timely manner. *See Daniels* at 384; *see also Coss* at 405. Specifically, movant alleges that through threats and intimidation the state district attorney, the state police department, the state judge, the state probation officer, and both his attorneys who represented him during his plea and state probation revocation proceedings, all conspired to wrongfully convict him. In addition, he argues his plea was involuntary due to intoxication and that he never received a probable cause hearing before being arrested on the probation violation. Clearly, none of these claims are based on "newly discovered evidence" and were all known to movant at the time of his state proceedings for direct review and post-conviction relief. Also relevant is the fact that movant entered into a Stipulation of Evidence in his federal case that he was a felon as described by Title 18 of the United States Code, Section 922(g)(1). *See* Tr. Transcript, Vol. 1, pg. 140-141.[2] Based on the foregoing, movant's state conviction for possession of a controlled substance is considered conclusively valid as he has failed to put forth any "newly discovered evidence" to support an actual innocence claim.

## Objections

*Failure to File the Motion to Suppress*

With respect to movant's ground of ineffective assistance of counsel for failure to file the motion to suppress, this Court finds movant's objections to be without merit. As the Magistrate Judge correctly concluded, there was sufficient probable cause to issue the warrant for movant's probation violations. The record simply does not bear out movant's accusations that Judge Hight and the state probation officers presented false information in executing the probation violation

---

[2] The Stipulation of Evidence read into the record was as follows: "That the Defendant and the Defendant's counsel agree that John Henry Guillory, the Defendant in this case, has been convicted of a felony or a crime punishable by a term of imprisonment exceeding one year, and said conviction occurred prior to the offense date as charged in the Indictment. That is, prior to January 11th, 2005, to wit, in cause number CR24465 in the 75th Judicial District Court of Liberty County, Texas, Defendant was convicted on January the 10th, 2005, for possession of a controlled substance, a state jail felony, and received a term of two years probation, 300 hours community service, and costs. As a result, the undersigned parties agree that the Defendant John Henry Guillory is a felon as described by Title 18 of the United States Code, Section 922(g)(1)."

arrest warrant. The search was, therefore, incident to a lawful arrest and was thus a reasonable search. Furthermore, by requesting that he be able to change from house slippers to tennis shoes, movant did impliedly consent, if not expressly, to the officer's entry into the residence. Without this request from movant, the officers would have had no need to enter the home and thus would have never seen the sawed-off shotgun. Movant's belief that officers would have let him or his girlfriend retrieve his tennis shoes in the home unescorted is untenable. As such, the motion to suppress would not have succeeded on the merits, as similarly denied by the state district judge, and movant cannot show he was prejudiced by counsel's decision not to pursue the motion to suppress.

*Failure to File Motion for Acquittal*

Movant objects to the Magistrate Judge's finding that counsel was not ineffective for failing to file a motion for acquittal. Movant summarily argues that if counsel would have filed for a motion of acquittal at the close of the government's case, or at the close of all the evidence, acquittal would have been granted because there was insufficient evidence on which a reasonable jury could have returned a verdict of guilt. Movant raised his insufficiency of the evidence claim on direct appeal which was rejected, albeit under the more narrow "manifest miscarriage of justice" standard. However, the Magistrate Judge in evaluating this claim used the rational jury standard. *See United States v. Rosalez-Orozco*, 8 F.3d 198, 199-200 (5th Cir. 1993) (stating "[t]o determine whether counsel's performance prejudiced movant, it is necessary to 'evaluate the sufficiency of the evidence as if counsel had moved for judgment of acquittal at the close of the evidence' and determine 'whether, viewing the evidence and the inferences that may be drawn from it in the light most favorable to the verdict, a rational jury could have found the essential elements of the offenses beyond a reasonable doubt.'"). First, as noted by the Magistrate Judge, movant failed to show that the motion to suppress would have been meritorious. As such, movant cannot show that the outcome of the trial or sentence would have been more favorable to him if the motion for acquittal had been filed. Second, there was sufficient evidence of

7

constructive possession of the weapon even under the more lenient rational jury standard. The prosecution demonstrated movant had control and dominion over the home, that he had spent the previous evening at the home, and that he was there the day of the arrest. The prosecution also established that during the arrest, movant made the voluntary statement "that's just a little toy I picked up" when questions arose about the presence of the sawed-off shotgun. Although movant now argues he never made such a statement about the firearm, the record indicates otherwise. Three officers testified that they witnessed movant make this statement and movant, on appeal, even acknowledged he made the statement but argued it was in a joking manner. *See* Tr. Transcript, Vol. 1 pg. 132, Vol. 2 pg. 222, 295 ; *see also* Brief of Appellant, *United States of America v. John Henry Guillory*, No. 06-41494, 2007 WL 4790960 *6 (March 20, 2007). Furthermore, to the extent movant is now attempting to argue that law enforcement officers encouraged movant's friend, Bob Stewart, to plant the sawed-off shotgun in the residence, this Court observes that the record is absolutely devoid of any evidence that the officers were somehow complicit in an alleged set-up. Based on the foregoing, movant cannot show prejudice by failure to move for acquittal as the evidence was sufficient for a rational jury to have found the essential elements of constructive possession beyond a reasonable doubt. This objection is, therefore, also without merit.

*Failure to Object to Prosecutorial Misconduct*

Movant's objections to the findings by the Magistrate Judge that counsel was not ineffective for failing to object to numerous alleged incidences of prosecutorial misconduct are without merit. A review of the alleged incidences of misconduct reveal that the statements movant complains of were supported by the evidence in the record, were not designed to inflame the passion or prejudices of the jury and were not offered as the prosecutor's personal opinion. *See* Tr. Transcript, Vol. 2, 406, 415-16, 419. Furthermore, as the Magistrate Judge noted, movant has failed to show that any such objections would have been sustained and, if sustained, how it would have made a difference to the outcome of his trial.

8

In addition, movant asserts a new claim of ineffective assistance of counsel. Specifically, movant argues his counsel was ineffective for failing to object to an alleged *Brady* violation. Movant appears to argue that the prosecution did not turn over fingerprint evidence that would have allegedly showed another individual, Bob Stewart, possessed the sawed-off shotgun at issue. However, a review of movant's brief on appeal reveals movant is aware that law enforcement was unable to find **any** identifiable fingerprints on the firearm. *See* Brief of Appellant at *9. Specifically, on appeal, movant argued there was insufficient evidence to prove possession of the firearm and pointed to the lack of fingerprint evidence in support of this point of error. Clearly there was no objection counsel could raise. Furthermore, a review of the relevant portions of the transcript show that movant's counsel did in fact cross-examine the government's witnesses regarding the lack of fingerprint evidence tying the weapon to movant. Counsel artfully called into question the officer's collection of the evidence and precautions to preserve fingerprint evidence. *See* Tr. Transcript, Vol. 2 pg. 323, 381, & 409. Based on the foregoing, counsel's conduct cannot be deemed deficient, and movant has failed to show how he was prejudiced by this alleged failure.

*Two (2) Point Enhancement for Destructive Device*

Movant next argues that the two (2) point enhancement applied by the District Court was improper as he was charged with a violation of 26 U.S.C. § 5845(a) and not (f). A review of the PSR reveals the two (2) point enhancement was applied as the sawed-off shotgun involved in the offense is considered a destructive device. First, movant was indicted for possession of a firearm as that term is defined in Title 26, United States Code, Section 5845. *See* Indictment, Doc. 1, 1:05CR142. Sections (a) and (f) relate to the relevant definitions for prohibited items under Chapter 53. Section (a) states specifically "The term 'firearm' means (1) a shotgun having a barrel or barrels of less than 18 inches in length; (2) a weapon made from a shotgun if such weapon is modified has an overall length of less than 26 inches or a barrel or barrels of less than 18 inches in length; (3) a rifle having a barrel or barrels of less than 16 inches in length; (4) a

9

weapon made from a rifle if such weapon as modified has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length; (5) any other weapon, as defined in subsection (e); (6) a machine gun; (7) any silencer; and (8) a destructive device." *See* 26 U.S.C. § 5845(a). Section (f) merely defines the term destructive device. 26 U.S.C. § 5845(f). Regardless, movant did not raise such a claim on direct appeal and any such claim is now procedurally barred. Furthermore, claims of error based on the District Court's application of the United States Sentencing Guidelines are not cognizable under § 2255. *See United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994) (holding defendant's claim that district court erred in making upward departure under Sentencing Guidelines could not be considered in § 2255 proceeding); *United States v. Payne*, 99 F.3d 1273, 1281-82 (5th Cir. 1996) ("A district court's technical application of the Guidelines does not rise to a constitutional issue."); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995) ("A district court's calculation under or application of the sentencing guidelines standing alone is not the type of error cognizable under section 2255."), *cert. denied*, 516 U.S. 1165, 116 S.Ct. 1056, 134 L.Ed.2d 201 (1996); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) ("Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding . . . A district court's technical application of the [Sentencing] Guidelines does not give rise to a constitutional issue.") (citations omitted).

*Four (4) Point Enhancement for Possession of Firearm in Connection with Possession of Cocaine*

In his objections, movant also puts forth the new theory that Officer McCowan planted the cocaine in his pocket. Again, there is simply nothing in the record to give credence to this theory. The Court liberally construes this as a claim of insufficiency of the evidence which was rejected on direct appeal and addressed in detail above. Furthermore, movant was not charged with possession of a controlled substance in the federal proceedings. A four (4) level

enhancement was, however, applied for movant's possession of the firearm with this other offense and movant argued on direct appeal that the District Court erred in assigning this four (4) level increase. The Fifth Circuit rejected this argument and, to the extent movant is again challenging the District Court's application of the four (4) level enhancement, this claim may not be relitigated through a Section 2255 motion. *See United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994); *see also United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986), *cert. denied*, 476 U.S. 1118, 106 S.Ct. 1977, 90 L.Ed.2d 660 (1986).

*Ineffective Assistance of Appellate Counsel*

Finally, movant's objections relating to the Magistrate Judge's findings that movant's appellate counsel was not deficient for failing to pursue an ineffective assistance of trial counsel claim on direct appeal are equally without merit. When no valid claim exists that trial counsel rendered ineffective assistance, appellate counsel has no duty to assert such a claim on direct appeal. Appellate counsel is not deficient in failing to present meritless claims to the Fifth Circuit. Under the facts of this case and as outlined in the Report and Recommendation of the Magistrate Judge and above, the claims that trial counsel rendered ineffective assistance have insufficient merit to warrant presentation to the Fifth Circuit Court of Appeals. Appellate counsel cannot, therefore, be deemed deficient in failing to present the claims on direct appeal. Appellate counsel need not raise frivolous issues to render effective assistance of counsel on appeal.

Movant also complains that his appellate counsel was ineffective for failing to meet or speak with movant directly regarding his appeal. The Court liberally construes movant's pleadings to argue his appellate counsel possibly failed to raise a particular claim in his brief, although what particular claim remains unclear. In any event, the duty of appellate counsel on appeal is to select the nonfrivolous claims that maximize the likelihood of success on appeal. *See Smith v. Robbins*, 528 U.S. 259, 278, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000). A review of the appellate brief and the trial record, however, reveal that appellate counsel raised the most

11

significant and obvious issues on appeal. The presumption of effective assistance of counsel cannot be overcome. *Id*. Furthermore, movant has made no showing as to how he was prejudiced by appellate counsel's alleged failure to present such an unidentified claim on appeal.

## ORDER

Accordingly, movant's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **15** day of **July, 2011.**

_____
Ron Clark, United States District Judge